IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFF J. HANCOCK,<br><br>    Petitioner,<br><br>  v.<br><br>NICK DAWSON, Acting Warden,<br><br>    Respondent._____/ | No. C 07-04469 CW (PR)<br><br>ORDER DIRECTING RESPONDENT TO SHOW CAUSE WHY THE PETITION SHOULD NOT BE GRANTED, AND DENYING MOTION FOR APPOINTMENT OF COUNSEL AND FOR EVIDENTIARY HEARING |

    Petitioner, a state prisoner, has filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He has paid the $5.00 filing fee. It does not appear from the face of the petition that it is without merit. Good cause appearing, the Court hereby issues the following orders:

    1. The Clerk of the Court shall serve a copy of this Order and the petition and all attachments thereto upon Respondent and Respondent's attorney, the Attorney General of the State of California.[1] The Clerk shall also serve a copy of this Order on Petitioner at his current address.

    2. Respondent shall file with this Court and serve upon Petitioner, within <u>sixty (60) days</u> of the issuance of this Order, an Answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be issued. Respondent shall file with the Answer a copy of all portions of the relevant state records that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

---

[1] Petitioner named D. Sedley as the respondent in this action. Acting Warden Nick Dawson has been substituted as Respondent pursuant to Rule 25(d) of the Federal Rules of Civil Procedure.

3.    If Petitioner wishes to respond to the Answer, he shall do so by filing a Traverse with the Court and serving it on Respondent within <u>thirty (30) days</u> of his receipt of the Answer. Should Petitioner fail to do so, the petition will be deemed submitted and ready for decision <u>thirty (30) days</u> after the date Petitioner is served with Respondent's Answer.

4.    Respondent may file a motion to dismiss on procedural grounds in lieu of an Answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If Respondent files such a motion, Petitioner shall file with the Court and serve on Respondent an opposition or statement of non-opposition to the motion within <u>thirty (30) days</u> of receipt of the motion, and Respondent shall file with the Court and serve on Petitioner a reply within <u>fifteen (15) days</u> of receipt of any opposition.

5.    It is Petitioner's responsibility to prosecute this case. Petitioner must keep the Court and Respondent informed of any change of address and must comply with the Court's orders in a timely fashion. Petitioner must also serve on Respondent's counsel all communications with the Court by mailing a true copy of the document to Respondent's counsel.

6.    Extensions of time are not favored, though reasonable extensions will be granted. Any motion for an extension of time must be filed no later than <u>ten (10) days</u> prior to the deadline sought to be extended.

7.    Petitioner has requested the appointment of counsel and an evidentiary hearing. The Sixth Amendment's right to counsel does not apply in habeas corpus actions. See <u>Knaubert v. Goldsmith</u>, 791

2

F.2d 722, 728 (9th Cir. 1986) (unless an evidentiary hearing is required, the decision to appoint counsel in habeas corpus proceedings is within the discretion of the district court). Petitioner clearly presented his claims for relief in the petition and an order to show cause is issuing. Accord Bashor v. Risley, 730 F.2d 1228, 1234 (9th Cir. 1984) (although petitioner had no background in law, denial of appointment of counsel within discretion of district court where petitioner clearly presented issues in petition and accompanying memorandum). There also is no indication that an evidentiary hearing is required under 28 U.S.C. § 2254(e). Petitioner's claims do not rely upon extra-record evidence and a factual basis exists in the record to determine the claims. If during its review of the merits of the petition the Court determines that further fact finding is required, the Court will decide whether to hold an evidentiary hearing or whether the facts can be gathered by way of mechanisms short of an evidentiary hearing, such as supplementation of the record with sworn declarations from the pertinent witnesses. See Downs v. Hoyt, 232 F.3d 1031, 1041 (9th Cir. 2000). The Court will appoint counsel on its own motion if an evidentiary hearing is later required. See Knaubert, 791 F.2d at 728 (appointment of counsel mandatory if evidentiary hearing is required). For these reasons, Petitioner's requests for the appointment of counsel and an evidentiary hearing are DENIED.

  8. Petitioner's request for leave to proceed in forma pauperis is DENIED as moot. Petitioner recently paid the requisite filing fee.

3

 9. The Clerk of the Court is directed to substitute Acting Warden Nick Dawson as Respondent in this action.

 10. This Order terminates Docket nos. 2 and 3.

 IT IS SO ORDERED.

Dated: 10/26/07



CLAUDIA WILKEN
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

JEFF J HANCOCK,

        Plaintiff,

v.

D SEDLEY et al,

        Defendant.

Case Number: CV07-04469 CW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on October 26, 2007, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Jeff Jay Hancock V-49474
Avenal State Prison
8 Kings Way
Avenal, CA 93204

Attorney General
State of California
455 Golden Gate Avenue, Suite 11000
San Francisco, CA 94102

Warden
Avenal State Prison
P. O. Box 8
Avenal, CA 93204

Dated: October 26, 2007

        Richard W. Wieking, Clerk
        By: Sheilah Cahill, Deputy Clerk