**United States District Court**
*For the Northern District of California*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFF JAY HANCOCK,<br><br>    Petitioner,<br><br>  v.<br><br>JAMES D. HARTLEY, Acting Warden,<br><br>    Respondent.<br>_____/ | Nos. C 07-04286 CW (PR)<br>     C 07-04469 CW (PR)<br>     C 07-04664 CW (PR)<br><br>ORDER (1) DIRECTING THE CLERK OF THE COURT TO REVOKE FILINGS IN CASE NOS. C 07-04286 CW (PR) AND C 07-04664 CW (PR); (2) TO FILE SUPPLEMENT TO PETITION IN CASE NO. C 07-04469 CW (PR); AND (3) DIRECTING RESPONDENT TO SHOW CAUSE WHY A WRIT OF HABEAS CORPUS SHOULD NOT BE ISSUED AS TO CLAIM REGARDING INSTRUCTIONAL ERROR |

    On May 18, 2007, Petitioner, a state prisoner, filed a <u>pro se</u> petition for a writ of habeas corpus challenging a conviction from the Superior Court of the State of California in and for the County of Santa Clara, in which he stated that his state habeas petitions were still pending before the California Supreme Court.  <u>See</u> Case No. C 07-2644 CW (PR).  In an Order dated May 24, 2007, the Court dismissed that action without prejudice to refiling once all state court post-conviction challenges to Petitioner's conviction were completed.

On August 20, 2007, Petitioner filed another pro se petition for a writ of habeas corpus. See Case No. C 07-4286 CW (PR). The petition is on a form for state court habeas petitions with the heading, "State of California Supreme Court." It appears Petitioner may have intended this petition for the California Supreme Court and mailed it as a courtesy copy to be filed in his previous closed action, Case No. C 07-2644 CW (PR).

Petitioner has a pending federal habeas action with this Court challenging the same conviction and sentence as in Case No. C 07-4286 CW (PR). See Case No. C 07-4469 CW (PR). In an Order dated October 26, 2007, the Court directed Respondent to show cause why a writ of habeas corpus should not be issued.

On September 10, 2007, Petitioner filed a second federal habeas action with this Court challenging the same state conviction. See Case No. C 07-4664 CW (PR). This second federal petition contains a claim regarding instructional error.

## CONSOLIDATION OF PETITIONS

Having reviewed Petitioner's pending petitions, the Court concludes that the state habeas petition in C 07-4286 CW (PR) and the federal habeas petition in Case No. C 07-4664 CW (PR) were filed erroneously as new actions. Attached to the state petition in C 07-4286 CW (PR) is the dismissal order in Case No. C 07-2644 CW (PR); therefore, it is apparent that Petitioner was filing the state petition as a courtesy copy in his first habeas action, Case No. 07-2644 CW (PR), to show proof that he was exhausting his state judicial remedies. It is also apparent that the federal habeas petition in Case No. C 07-4664 CW (PR) should have been filed as a supplement to the petition in Case No. C 07-4469 CW (PR). Further,

2

it does not appear from the face of Petitioner's supplement to his federal petition, containing his claim regarding instructional error, that it is without merit.  Good cause appearing, the Court hereby issues the following orders:

    1.   The Clerk of the Court is ordered to REVOKE filing of the state habeas petition in C 07-4286 CW (PR) and file it as a courtesy copy in Case No. 07-2644 CW (PR).

    2.   The Clerk is ordered to revoke filing of the federal habeas petition in Case No. C 07-4664 CW (PR) and to file it as a supplement to the federal petition in Case No. C 07-4469 CW (PR).

    3.   The Clerk shall close Case Nos. C 07-4286 CW (PR) and C 07-4664 CW (PR).

    4.   All further matters pertaining to Petitioner's federal habeas corpus claims will proceed solely in Case No. C 07-4469 CW (PR).

    5.   The Clerk of the Court shall serve a copy of this Order and the supplement to the petition in Case No. C 07-4469 CW (PR) and all attachments thereto upon Respondent and Respondent's attorney, the Attorney General of the State of California.[1]

    6.   The Clerk shall also serve a copy of this Order on Petitioner at his current address.

    7.   Respondent shall file with this Court and serve upon Petitioner, within <u>sixty (60) days</u> of the issuance of this Order, a Supplemental Answer conforming in all respects to Rule 5 of the

---

[1] Petitioner named Former Warden John Marshall as the respondent in Case No. C 07-4286 CW (PR) and Former Warden Dan Sedley as the respondent in Case Nos. C 07-4469 CW (PR) and C 07-4664 CW (PR). Acting Warden James D. Hartley, current acting warden of Avenal State Prison, has been substituted as the respondent in these actions pursuant to Rule 25(d) of the Federal Rules of Civil Procedure.

3

Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be issued as to Petitioner's claim regarding instructional error.  Respondent shall file with the Supplemental Answer a copy of all portions of the relevant state records that have been transcribed previously and that are relevant to a determination of the claim regarding instructional error presented by the supplement to the petition.

    8.   If Petitioner wishes to respond to the Supplemental Answer, he shall do so by filing a Supplemental Traverse with the Court and serving it on Respondent within <u>thirty (30) days</u> of his receipt of the Supplemental Answer.  Should Petitioner fail to do so, the petition will be deemed submitted and ready for decision <u>thirty (30) days</u> after the date Petitioner is served with Respondent's Supplemental Answer.

    9.   Respondent may file a motion to dismiss on procedural grounds in lieu of a Supplemental Answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases.  If Respondent files such a motion, Petitioner shall file with the Court and serve on Respondent an opposition or statement of non-opposition to the motion within <u>thirty (30) days</u> of receipt of the motion, and Respondent shall file with the Court and serve on Petitioner a reply within <u>fifteen (15) days</u> of receipt of any opposition.

    10.  It is Petitioner's responsibility to prosecute this case. Petitioner must keep the Court and Respondent informed of any change of address and must comply with the Court's orders in a timely fashion.  Petitioner must also serve on Respondent's counsel

all communications with the Court by mailing a true copy of the document to Respondent's counsel.

11. Extensions of time are not favored, though reasonable extensions will be granted. Any motion for an extension of time must be filed no later than <u>ten (10) days</u> prior to the deadline sought to be extended.

12. The Clerk is directed to substitute Acting Warden James D. Hartley as Respondent in this action.

IT IS SO ORDERED.

Dated: 1/15/08

CLAUDIA WILKEN
UNITED STATES DISTRICT JUDGE

**United States District Court**
For the Northern District of California

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

JEFF J HANCOCK,

        Plaintiff,

  v.

D SEDLEY et al,

        Defendant.
                                      /

Case Number: CV07-04469 CW
CV07-04286 CW
CV07-04664 CW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on January 15, 2008, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Jeff Jay Hancock V-49474
Avenal State Prison
8 Kings Way
Avenal, CA 93204

William Michael Kuimelis
CA State Attorney General's Office
455 Golden Gate Avenue, Suite 11000
San Francisco, CA 94102-7004

James D. Hartley, Warden (A)
Avenal State Prison
#1 Kings Way
Avenal, CA 93204

Dated: January 15, 2008

                              Richard W. Wieking, Clerk
                              By: Sheilah Cahill, Deputy Clerk