JEFF JAY HANCOCK
C.V.S.P. ASU 149L
P.O. Box 2349
BLYTHE, CA 92226    UNITED STATES DISTRICT COURT

**FILED**

JUN - 9 2008

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

JEFF JAY HANCOCK

                    PETITIONER

JAMES D. HARTLEY, Acting Warden

                    RESPONDENT

CASE NO. C07-04469 CW

SUPPLEMENTAL TRAVERSE

   Petitioner believes that had CALJIC 2.28 been given by the court the jury could have better considered the significance of the People's concealment of Exhibit 26 (interrogation tape), given by the People to the Defense at a recording speed of 78. The jury could have compared Petitioners trial testimony (RT Vol III pg. 349 lns. 13-27 and better considered why Petitioner made the statements on the interrogation tape Exhibit 26. Petitioner further believes the court anticipated a potential disclosure problem based on Petitioner previous Marsden Hearing testimony in front of the same judge (see Marsden Hearing 10/21/03 ps. 4-6) CALJIC 2.28 was requested by Petitioners defense attorney and subsequently denied by the court (See Jury Instructions 204), Petitioner believes his 6th and 14th Amendment rights as guaranteed by the United States Constitution were violated and requests a writ of habeas corpus be ordered by the court.
6/3/08

Jury Instructions 204

# CALJIC 2.28

## FAILURE TO TIMELY PRODUCE EVIDENCE
### (PEN. CODE, § 1054.5, subd. (b))

| Requested by People | | Requested by Defendant | / | Requested by | |
|---|---|---|---|---|---|
| Given as Requested | | Given as Modified | | Given on Court's Motion | |
| Refused | / | | | | |
| Withdrawn | | | | | Judge |

Print Date: 4/2003

## 2.28

The prosecution and the defense are required to disclose to each other before trial the evidence each intends to present at trial so as to promote the ascertainment of the truth, save court time and avoid any surprise which may arise during the course of the trial. [Concealment of evidence] [and] [or] [[D][d]elay in the disclosure of evidence] may deny a party a sufficient opportunity to subpoena necessary witnesses or produce evidence which may exist to rebut the non-complying party's evidence. Disclosures of evidence are required to be made at least 30 days in advance of trial. Any new evidence discovered within 30 days of trial must be disclosed immediately. In this case, the [People] [Defendant[s]] _____ [concealed] [and] [or] [failed to timely disclose] the following evidence: _____

Although the [People's] [Defendant's] _____ [concealment] [and] [or] [failure to timely disclose evidence] was without lawful justification, the Court has, under the law, permitted the production of this evidence during the trial.

The weight and significance of any [concealment] [and] [or] [delayed disclosure] are matters for your consideration. However, you should consider whether the [concealed] [and] [or] [untimely disclosed evidence] pertains to a fact of importance, something trivial or subject matters already established by other credible evidence.

[A defendant's failure to timely disclose the evidence [he] [she] intends to produce at trial may not be considered against any other defendant[s] [unless you find that the other defendant[s] authorized the failure to timely disclose].]

**204**

---

Defense attorney Hardin subsequently passed away due to this illness. I didn't speak with trial Counsel Eben Kurtzman until the 1st week in May 2004.

# DECLARATION OF LINDY M. FARIS
## IN SUPPORT OF MOTION FOR CONTINUANCE

I, Lindy M. Faris, do hereby declare:

1. That I the attorney specially appearing for Dave Hardin, the attorney of record for defendant;

2. That Mr. Hardin has been sick since January 6, 2004. His condition has worsened from what was diagnosed as pneumonia to a serious condition which has put him on the list for a heart transplant at Stanford Hospital;

3. That Mr. Hardin has been advised by his doctor that he will be hospitalized indefinitely;

4. That this motion is unopposed by the prosecutor assigned to this case;

5. That a continuance of the trial for at three months is necessary in order for Mr. Hardin to be able to prepare for and attend trial;

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:   February 13, 2004

LINDY M. FARIS
Attorney at Law

**112**

-5-

10/21/03 Marsden Hearing

COPY

1         TO THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

2                SIXTH APPELLATE DISTRICT

3                    ---000---

4

5    THE PEOPLE OF THE       )
     STATE OF CALIFORNIA,     )

6                        )
          PLAINTIFF-RESPONDENT, )

7                        )
      -vs-              ) NO. H027917

8                        )
    JEFF JAY HANCOCK,      ) SANTA CLARA CO. NO. EE302496

9                        )
         DEFENDANT-APPELLANT.  )

10   _____)

11

12          REPORTER'S TRANSCRIPT ON APPEAL

13      FROM THE JUDGMENT OF THE SUPERIOR COURT

14         OF THE STATE OF CALIFORNIA

15      IN AND FOR THE COUNTY OF SANTA CLARA

16    BEFORE THE HONORABLE JOHN J. GARIBALDI, JUDGE

17

18                VOLUME I
                PAGES 1-13

19

20          OCTOBER 21, 2003

21

22

23   APPEARANCES:

24   FOR THE PEOPLE/RESPONDENT:   OFFICE OF THE ATTORNEY GENERAL
                                   455 GOLDEN GATE AVENUE

25                             ROOM 11000
                                   SAN FRANCISCO, CA  94102

26

27   FOR THE DEFENDANT/APPELLANT:  6TH DISTRICT APPELLATE PROGRAM
                                   100 N. WINCHESTER BLVD.
                                   SUITE 310

28                                  SANTA CLARA, CA 95050.

Harsden Hearing 10/21/03

4

1    INAUDIBLE.

2            THE COURT:  YOU HAVE TO UNDERSTAND, I DON'T KNOW

3    THE EVIDENCE IN YOUR CASE.  I DON'T KNOW THIS CASE.  MAYBE

4    JUDGE WETENKAMP KNOWS IT BETTER BECAUSE YOU WERE MAINLY

5    SEEING JUDGE WETENKAMP THESE LAST COUPLE OF MONTHS, BUT I

6    DON'T EVEN KNOW ANYTHING ABOUT A TAPE.

7            SO WHEN YOU'RE SAYING THAT THE TAPE WAS -- IS HARD TO

8    DECIPHER, I DON'T EVEN KNOW WHAT TAPE YOU'RE TALKING ABOUT.

9    MAYBE MR. CAMPERI OR YOU CAN SHED SOME LIGHT ON THIS, BUT

10   UNDERSTAND I DON'T KNOW THIS CASE.  I WILL ONLY START

11   UNDERSTANDING THIS CASE WHEN I START HEARING THE EVIDENCE.

12   SO WHAT TAPE ARE WE TALKING ABOUT?

13           THE DEFENDANT:  THE TAPE IS SUPPOSED TO BE A TAPE

14   RECORDING OF A CONFESSION OF ME CONFESSING TO AN OFFICER

15   ANDERSON FIVE DAYS AFTER I WAS ARRESTED, WHICH I WAS IN

16   DOWNTOWN IN THE OLD JAIL IN SECOND EAST, AND HE CAME IN AND

17   TOLD ME HE WAS AN INTERVIEWER, A PERSON WHO DID INTERVIEWS

18   FOR THE SUNNYVALE POLICE DEPARTMENT.

19           ON THE APPLICATION REPORT IT SAYS RIGHT WHEN I WALKED

20   IN HE ANNOUNCED HE WAS A SUNNYVALE POLICE DEPARTMENT, WHICH

21   WAS UNTRUE, BUT HE'LL PROBABLY DENY THAT.  BUT HE DIDN'T

22   HAVE A RECORDING DEVICE THERE.  HE WAS TALKING TO ME FOR --

23   ABOUT 80 PERCENT OF THIS WHOLE INTERVIEW WAS DONE WITHOUT A

24   RECORDING DEVICE SITTING THERE.  AND THEN HE SAID, OKAY, I'M

25   GOING TO HAVE TO MIRANDIZE YOU NOW.  AND HE PULLS THE

26   RECORDING DEVICE OUT OF HIS POCKET, SETS IT ON THE TABLE AND

27   TURNS IT ON.

28           UNBEKNOWNST TO ME PRIOR TO ME COMING INTO THE ROOM, AS

Ins.
19-28

Marsden Hearing 10/21/03

Ins 147

1   HE SAYS IN HIS REPORT, HE TURNED ON A CONCEALED RECORDING

2   DEVICE THAT HE HAD UNDER HIS JACKET.  SO WHAT WE TALKED

3   ABOUT PRIOR TO HIM MIRANDIZING ME APPARENTLY WAS RECORDED ON

4   THAT CONCEALED RECORDER.  I DIDN'T KNOW AT THE TIME HE HAD A

5   CONCEALED RECORDER.  SO THEREIN LIES MY CONFESSION,

6   SUPPOSEDLY, ON THAT TAPE.

7           ON MY PROPERTY OR EVIDENCE SHEETS HERE ON MY REPORT,

8   ONE OF THEM IS A MINI-AUDIO CASSETTE RECORDER, AND THE OTHER

9   ONE IS A SIGNED MIRANDA ADMONISHMENT WHICH, AFTER HE PUT THE

10  RECORDER OUT AND READ ME MY RIGHTS, I DID SAY I UNDERSTAND

11  THEM, AND I DID SAY I WAIVED THEM.  BUT 90 PERCENT OF WHAT

12  WE TALKED ABOUT WAS PRIOR TO HIM READING ME THOSE MIRANDA

13  RIGHTS AND PRIOR TO ME EVER SEEING A REPORT.

14          I TRIED TO CONVEY THAT TO MR. CAMPERI, BUT IT'S LIKE

15  IT DOESN'T MATTER, THEY GOT THE RECORDER, THEY CAN LIE TO

16  YOU, IT DOESN'T MATTER.

17          THE COURT:  LET ME HOME IN ON WHAT THE ISSUE IS

18  HERE FOR ME RIGHT NOW.  YOU HAVE TO BASICALLY CONVINCE ME

19  THAT MR. CAMPERI IS NOT ACTING COMPETENTLY AS YOUR ATTORNEY.

20  THAT REALLY IS THE BOTTOM LINE ISSUE.

21          THERE'S OTHER ISSUES PERTINENT TO YOUR CASE IN

22  GENERAL, OF COURSE, BUT FOR THIS HEARING RIGHT NOW THIS ONE

23  THAT'S UNDER SEAL, IT'S WHAT HAS MR. CAMPERI DONE OR NOT

24  DONE THAT HAS SHOWN INCOMPETENCE OF COUNSEL.

25          THE DEFENDANT:  THE ONLY OTHER THING, THE MAIN

26  THING I CAN THINK OF IS THAT, YOU KNOW, I'VE BEEN IN CUSTODY

27  FOR 70 DAYS AND I HAVEN'T HAD AN ATTORNEY COME AND ACTUALLY

28  SIT DOWN AND DISCUSS THIS CASE WITH ME.

*Marsden Hearing 10/31/03* ₆

Ins. 1-7

1   HE'S COME OUT AND DISCUSSED A TAPE WHICH HE GOT FROM

2   OFFICER ANDERSON, I ASSUME, OR THE D.A., WHICH WAS A

3   DUPLICATE OF THE TAPE WHICH WAS RECORDED AT MICKEY MOUSE

4   SPEED, LIKE 78 SPEED.  YOU COULDN'T EVEN TELL IT WAS MY

5   VOICE OR THE OFFICER'S VOICE ON IT, BUT APPARENTLY HE SAYS

6   THAT THE SLOWED DOWN ONE YOU CAN.  BUT I NEVER HEARD THE

7   SLOWED DOWN ONE.  I HEARD THIS ONE.

8       THAT'S BASICALLY ALL WE HAVE DISCUSSED, IS THAT.  WE

9   HAVEN'T SAT DOWN AND DISCUSSED THE POLICE REPORT.  A FEW

10  LINES OF IT IN THE JURY BOX HE'S GONE OVER WITH ME, BUT WE

11  HAVEN'T REALLY ACTUALLY, ACTUALLY DISCUSSED THE CASE YET.

12      I'VE BEEN IN JAIL FOR A COUPLE OF MONTHS, AND I FEEL

13  LIKE, GOD, I'M BEING TOLD TO TAKE FOUR YEARS, IT'S A GIFT

14  AND I BETTER JUMP ON IT.  I DON'T UNDERSTAND REALLY WHY.

15      THE COURT:  WHAT DO YOU HAVE TO SAY, MR. CAMPERI,

16  AS TO THIS?

17      MR. CAMPERI:  OKAY, YOUR HONOR.  I -- YOU KNOW, I

18  UNDERSTAND MR. HANCOCK'S CONCERN ABOUT DOING FOUR YEARS,

19  WHICH IS A SUBSTANTIAL CHUNK OF TIME FOR A CASE THAT HE

20  FEELS IS NOT WORTHY OF THAT AMOUNT OF TIME.  AND I

21  UNDERSTAND ALL THAT.  AND I TAKE THAT INTO CONSIDERATION

22  WHEN I COME OUT AND TALK TO MY CLIENTS AT THE JAIL.

23      I NOT ONLY TALKED TO MR. HANCOCK BECAUSE I WAS VERY

24  CONCERNED ABOUT HIS EXPOSURE ON THIS CASE AT THE JAIL BUT --

25  I BELIEVE THAT I TALKED TO HIM FOR AN HOUR AT THE JAIL.  I

26  LOOKED AT MY WATCH WHEN I WENT IN, AND I LOOKED AT IT AS I

27  SIGNED OUT.  IT WAS AN HOUR.

28      I SPOKE TO HIM -- AS THE COURT KNOWS, WE HAVE

RT Vol. III Petitioner's Trial Testimony

Case # EE302496

1    A    RIGHT.

2    Q    BUT YOUR LOYALTY TO CRAIG DAVIS OVERRIDES PROTECTING

3    YOURSELF AS YOU FACE THIS CHARGE; IS THAT WHAT YOU'RE

4    TELLING US?

5    A    I'M SAYING THAT I THOUGHT AT THE TIME OF THE

6    INTERVIEW, I THOUGHT THAT MY CHARGE WAS GOING TO BE REDUCED,

7    THAT IT WAS GOING TO BE LESS THAN ASSAULT WITH A DEADLY

8    WEAPON.

9         AND I THOUGHT WHY SHOULD I INVOLVE MR. DAVIS, AND I'M

10    -- IF MY DISCHARGE IS GOING TO BE REDUCED AND I'LL DO 30 OR

11    60 DAYS, AND WHY SHOULD I GET HIM IN TROUBLE AND MAKE HIM GO

12    DO 30 AND 60 DAYS WITH ME?

13         I THOUGHT THAT WAS WHAT OFFICER ANDERSON WAS THERE

14    FOR, TO WRAP THINGS UP, THAT I WAS GOING TO BE CHARGED WITH

15    A BATTERY.  IN MY EYES THAT WAS OKAY, I'M JUST GOING TO GO

16    DO 30 DAYS OR 60 DAYS OR SIX MONTHS COUNTY JAIL TIME AT THE

17    FARM.  THAT'S WHAT I THOUGHT.

18    Q    WHY DID YOU THINK THAT?

19    A    WELL, HE MENTIONED THE WORD "BATTERY" TO ME.  BUT I

20    MEAN -- AND I THOUGHT HE MENTIONED "WRAP THINGS UP" TO ME,

21    BUT AS I READ THAT, I DIDN'T SEE -- I DON'T THINK I SAW THE

22    EXACT WORDS "WRAP THINGS UP."  I THOUGHT AS I -- THINKING

23    BACK ON IT, I THOUGHT HE DID SAY THAT TO ME.

24    Q    HOW MANY TIMES HAVE YOU LISTENED TO THE TAPE?

25    A    I'VE LISTENED TO -- I'VE LISTENED TO THE TAPE AT THAT

26    SPEED -- THAT'S THE SECOND -- YESTERDAY WAS THE SECOND TIME

27    I'VE HEARD IT, OKAY, IN NINE AND A HALF MONTHS.

28    Q    HOW MANY TIMES HAVE YOU LISTENED TO IT AT DIFFERENT

Prior at 78 speed

1  DOES INCLUDE THE ENTIRE CONTENTS OF THE TAPE AS PROVIDED BY

2  THE POLICE DEPARTMENT TO THE D.A., AND THAT TAPE WAS THE ONE

3  THAT WAS GIVEN PURSUANT TO NORMAL DISCOVERY TO MR. KURTZMAN.

4       BUT THE RECORD SHOULD REFLECT THAT THE TAPE THAT THE

5  JURY HAS HEARD HAS BEEN EDITED TO IN ESSENCE DELETE MUCH OF

6  THE -- ALL OF THE LAST PART OF THE INTERVIEW, WHICH IS ABOUT

7  FIVE PAGES LONG. THE TRANSCRIPT THAT WAS GIVEN TO THE JURY

8  SHOWS WORD FOR WORD THE EDITED TAPE HERE.  AND I WAS GIVEN

9  BY MR. DEMERTZIS, AND I'M SURE IT WAS JUST AN OVERSIGHT, I

10  WAS GIVEN A TRANSCRIPT OF THE COMPLETE ORIGINAL TAPE.

11       IN ORDER FOR PEOPLE'S 27 TO CONFORM WITH WHAT THE JURY

12  HAS BEEN GIVEN AND WHAT THE TAPE TELLS THIS JURY WAS EDITED,

13  WHAT THE ATTORNEYS HAVE AGREED TO DO IS TO SUBSTITUTE AS

14  PEOPLE'S 27 THE TAPE THAT EVERYONE ELSE HAS -- THE

15  TRANSCRIPT THAT EVERYONE ELSE HAS, INCLUDING THE JURY.  THAT

16  TRANSCRIPT IS IN FACT 43 PAGES LONG AND IS A TRUE AND

17  ACCURATE -- AS BEST AS WE CAN DETERMINE, A TRUE AND ACCURATE

18  RENDITION WHAT THE EDITED TAPE TRANSCRIPTS ARE.  IS THAT

19  CORRECT?  HAVE I SAID ANYTHING WRONG?

20       MR. DEMERTZIS:  NO, YOUR HONOR, OTHER THAN THE

21  COMPLETE TRANSCRIPT I GAVE YOU, IT WASN'T AN OVERSIGHT.  I

22  THOUGHT THAT'S WHAT THE COURT CALLED FOR.

23       THE COURT:  NO.  IT WAS JUST A MISCOMMUNICATION

24  THEN.  ALL I WANTED WAS A TRANSCRIPT OF THE EDITED VERSION

25  OF THE TAPE.

26       MR. DEMERTZIS:  THAT'S WHAT I'VE NOW GIVEN YOU,

27  THE SAME TRANSCRIPT THE JURY HAS, AND IT'S A TRANSCRIPT OF

28  THAT PORTION OF THE TAPE THAT THE JURY LISTENED TO.

STATE OF CALIFORNIA  )

COUNTY OF RIVERSIDE  ) : ss.

PROOF OF SERVICE BY
PERSON IN STATE CUSTODY

I, _Jeff Hancock_ , the undersigned, certify, and do declare that I am over the age of 18 years, incarcerated at _Chuckawalla Valley State Prison_, located at _Blythe, CA_ and a party / not a party to the attached foregoing cause of action. On _June 4th_ , 19 _2008_ , I did serve a true copy of:

Supplemental Traverse
with attachments

[ ] by depositing it in a prison mail box in a sealed envelope, or ☒ by handing it to institutional staff in a sealed envelope, along ☒ with Inmate Trust Account Withdrawal Order Form attached to it requesting that postage be fully prepaid, or [ ] with postage affixed thereto for deposit in the United States Mail pursuant to California Code of Regulations Sections 3142 and 3165; addressed to the following:

Office of the Clerk, U.S. District Court
Northern District of California
1301 Clay Street, Suite 400S
Oakland, CA, 94612-5212

Intended place of mailing: U.S. Post Office, at _Blythe_ , California.

I further declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, and belief. Executed on _June 4th_ _2008_

_Jeff Hancock_

PETITIONER/DECLARANT IN PRO PER